UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03247-WJM

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:16 am, Jun 06, 2022
JEFFREY P. COLWELL, CLERK

LAURA FLOWERS

    Plaintiff,

v.

LOWE'S HOME CENTERS, L.L.C., et. al.

    Defendant.

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Laura Flowers, above named, by and through her attorneys WESTERN STATES LAW, P.C., and respectfully submits the following Complaint:

### I. GENERAL ALLEGATIONS

1. Plaintiff Laura Flowers (hereinafter "Plaintiff") is a natural person residing in the State of Colorado.

2. Venue is proper, pursuant to C.R.C.P. 98, as the tort complained of herein occurred in Summit County, State of Colorado.

3. At all times relevant hereto, Defendant Lowe's Home Centers, L.L.C., was a foreign corporation licensed under the laws of North Carolina.

4. At all times relevant hereto, Defendant Lowe's HIW, Inc. (hereinafter, all corporations under the Lowe's umbrella will be referred to as "Lowe's"), was a foreign corporation licensed under the laws of Washington.

5. At all times relevant hereto, Defendant Lowe's was the landowner of the Lowe's store premises, located at 201 Buffalo Mountain Drive, Silverthorne, Colorado 80498.

6. On or about December 5, 2019, Plaintiff was shopping at the Lowe's at 201 Buffalo Mountain Drive, Silverthorne, Colorado 80498.

7. Plaintiff was looking at shelved products near an endcap.

8. There were boxes stacked on the floor near the endcap.

9. The boxes were placed on the floor by a Lowe's employee.

1

10. The boxes were stacked in an unsafe manner.

11. At all times relevant hereto, the Lowe's employee who stacked the subject boxes was acting within the course and scope of his or her employment with Defendant Lowe's.

12. Defendant Lowe's is responsible for the actions of its employees, in the subject incident, under the principles of principal/agent and *respondeat superior*.

13. The boxes were a dangerous condition.

14. The Lowe's employee who placed the boxes caused the dangerous condition.

15. While she was looking at items on the endcap, a Lowe's employee began speaking to Plaintiff.

16. Plaintiff moved to continue shopping.

17. Plaintiff tripped over the boxes placed near the end cap.

18. Plaintiff fell to the floor.

19. Plaintiff reported the incident to management at the Lowe's store where the fall occurred.

20. Prior to Plaintiff's fall, Defendant Lowe's knew or should have known that placing boxes on the floor, near an end cap presented a dangerous condition.

21. Prior to Plaintiff's fall, the Lowe's employee who placed the boxes knew or should have known that placing boxes on the floor, near an endcap presented a dangerous condition.

22. At all times relevant hereto, Defendant Lowe's had the ability to provide Plaintiff with verbal warnings that there were boxes on the floor, near the endcap.

23. At all times relevant hereto, Defendant Lowe's had the ability to provide Plaintiff with written warnings of the dangerous condition.

24. At all times relevant hereto, Defendant Lowe's had control over the location where Plaintiff fell.

25. At all times relevant hereto, Defendant Lowe's had the ability to control the location where Plaintiff fell.

26. At all times relevant hereto, Defendant Lowe's had a duty to safely maintain the premises where Plaintiff fell.

27. As a direct and proximate result of the fall, Plaintiff has suffered bodily and personal injuries.

28. As a direct and proximate result of the above incident, Plaintiff has suffered, and may continue to suffer, past and future loss of enjoyment of life, past and possible future pain and suffering, temporary or permanent disability, impairment, past medical bills exceeding $1,000,000.00, and past and future economic and non-economic losses, as yet determined.

29. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant Lowe's.

30. Defendant Lowe's breached duties owed to Plaintiff.

31. At all times relevant hereto, Plaintiff was an invitee on the premises where she fell.

## II. FIRST CLAIM FOR RELIEF AGAINST DEFENDANT LOWE'S: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

32. Plaintiff incorporates the preceding paragraphs above as if fully set forth herein.

33. Plaintiff was an invitee on the subject property.

34. Defendant Lowe's caused the dangerous condition on the property.

35. Defendant Lowe's knew of the dangerous condition on the property.

36. Defendant Lowe's should have known of the dangerous condition of the property.

37. Defendant Lowe's failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

38. Defendant Lowe's is a landowner under § C.R.S. 13-21-115.

39. Defendant Lowe's is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant Lowe's on her first claim for relief in an amount to be determined at trial, and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witnesses and attorney fees where appropriate.

## III. SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LOWE'S: NEGLIGENCE

40. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41. At all times relevant hereto, Defendant Lowe's owed Plaintiff duties of reasonable care and safety while operating and managing the Lowe's store and its surrounding premises.

42. Defendant Lowe's negligently and carelessly breached duties owed to Plaintiff.

43. The negligence of Defendant Lowe's was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Lowe's on her second claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

### IV. THIRD CLAIM FOR RELIEF AGAINST DEFENDANT LOWE'S: NEGLIGENT BUSINESS PRACTICES, OPERATING METHODS; NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION–DIRECT LIABILITY

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. Defendant Lowe's was careless and negligent in its business practices and operating methods regarding its employees, which negligence may include, but is not limited to: negligent screening, negligent hiring, negligent training, negligent supervision, and negligent retention; failure to comply with all applicable laws, statutes, rules, standards and regulations; and failure to ensure employees' compliance with all applicable laws, statutes, rules, standards, and regulations.

46. Defendant Lowe's negligence may include, but is not limited to: failure to properly investigate its employees applications, licensure, certifications, and compliance with applicable regulations, including licensure; failure to adequately and properly review its employees qualifications and disqualifications; and failure to terminate a non-compliant, certified, improperly licensed, untrained, and/or unqualified employee.

47. As a direct and proximate result of Defendant Lowe's negligent business practices and operating methods, Plaintiff suffered injuries, damages, and losses.

WHEREFORE, Plaintiff prays for judgment against Defendant Lowe's on her third claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## V. FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT LOWE'S: *RESPONDEAT SUPERIOR*

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. At the time and location of the subject incident, the person who placed the boxes on the floor, near the endcap was an employee of Defendant Lowe's.

50. At the time and location of the subject incident, the person who placed the boxes on the floor, near the endcap was acting within the scope of their employment with Defendant Lowe's.

51. At the time and location of the subject incident, the person who placed the boxes on the floor, near the endcap was an agent of Defendant Lowe's.

52. At the time and location of the subject incident, the person who placed the boxes on the floor, near the endcap was acting within the scope of their authority as an agent of Defendant Lowe's.

53. The acts and omissions of the person who placed the boxes on the floor, near the endcap are imputed by law to Defendant Lowe's under the legal principles of *respondeat superior*, and an agency relationship.

WHEREFORE, Plaintiff prays for judgment against Defendant Lowe's on her fourth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

Respectfully submitted this 16th day of May, 2022.

Respectfully submitted,

WESTERN STATES LAW, P.C.

/s/ *Kris Hofstra*

_____
Kris Hofstra, #44968
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2022, a true and correct copy of the above and foregoing AMENDED COMPLAINT was electronically served via electronic mail and transmitted to the following person(s) to:

Alison Burke, Esq.
Hall & Evans, LLC
1001 Seventeenth Street
Suite 300
Denver, CO 80202

                                        WESTERN STATES LAW, P.C.

                                        */s/ Kristofer D.A. Hofstra*